IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
93 OCT 22 PM 1:43
CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SOCORRO COUNTY, NEW MEXICO; SOCORRO COUNTY BOARD OF COUNTY COMMISSIONERS; DANIEL ROMERO, Chairperson of the Socorro County Board of County Commissioners; DICK GALLEGOS, TOBY JARAMILLO, JUAN GUTIERREZ, and MIKE MORA, Members of the Socorro County Board of County Commissioners; and CARMEN D. GALLEGOS, Socorro County Clerk,

Defendants.

CIVIL ACTION NO. CIV 93 1244 JP

WILLIAM W. DEATON-WWD

COMPLAINT

The United States of America alleges:

1. The Attorney General files this action pursuant to Sections 2, 12(d) and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973, 42 U.S.C. 1973j(d), 42 U.S.C. 1973aa-1a, and 28 U.S.C. 2201, and to enforce rights guaranteed by the Fourteenth and Fifteenth Amendments to the United States Constitution.

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. 1345, 42 U.S.C. 1973j(f) and 42 U.S.C. 1973aa-2. The claim pursuant to Section 203 of the Voting Rights Act requires that the action be heard and determined by a court of three judges in accordance with the provisions of Section 2284 of Title 28 of the United States Code.

3. Defendant Socorro County is a political subdivision of the State of New Mexico and exists under the laws of that state.

The Defendant Socorro County Board of County Commissioners is the general governing and managing body of Socorro County. The County Commissioners have statutory powers, duties and responsibilities with regard to the conduct of elections in Socorro County, including the designation of voting precincts and polling places therefor.

4. Defendant Daniel Romero is an elected county commissioner and the present chairperson of the board. Defendant Romero resides in Socorro County, New Mexico, and is sued in his official capacities. Defendants Dick Gallegos, Toby Jaramillo, Juan Gutierrez, Mike Mora are duly elected members of the Socorro County Board of County Commissioners and are sued in their official capacities. Each resides in Socorro County, New Mexico.

5. Defendant Socorro County Clerk Carmen D. Gallegos has statutory powers, duties and responsibilities with regard to the conduct of elections held in Socorro County. Among her powers and duties, defendant Gallegos is responsible for consolidation of precincts and selection of polling places for certain elections; registering voters; disseminating information relating to registration and voting; implementing voter assistance procedures; appointing and training deputy registrars, polling place officials and interpreters; cancelling registration for failure to vote; and conducting the absentee voting in Socorro County. Defendant Gallegos is a resident of Socorro County, New Mexico, and is sued in her official capacity.

6. According to the 1990 Census, Socorro County has a total population of 14,764 persons of whom 1,491 (10.1%) are Native Americans. The Native American population of Socorro County is comprised primarily of Navajos residing in the Alamo Chapter of the Navajo Nation.

7. The Navajo language is a common means of communication among the county's Navajo residents. Navajo is an historically unwritten language.

8. In 1984, Socorro County became subject to the requirements of Section 203 as a result of a determination by the Director of the Census pursuant to the minority language provisions of the Voting Rights Act. 49 Fed. Reg. 25887 (June 25, 1984). Such determination required the defendants to furnish oral instructions, assistance and other information relating to registration and voting in the Navajo language.

9. In 1992, the Director of the Census, pursuant to the Voting Rights Language Assistance Act of 1992, continued coverage of Socorro County pursuant to Section 203 for the Navajo language. 57 Fed. Reg. 43213 (September 18, 1992). The 1992 determination of the Director of the Census continues the requirement that Socorro County furnish oral instructions, assistance and other information relating to registration and voting, in the Navajo language.

10. In addition to the provisions of Section 203, the defendants are prohibited by Section 2 of the Voting Rights Act from applying or imposing any voting qualification or

prerequisite to voting or standard, practice, or procedure which results in a denial or abridgement of the right of Navajo residents to vote.

11. The Navajo population in Socorro County is geographically concentrated. Navajo citizens tend to live within the boundaries of the Alamo Chapter of the Navajo Nation, where the overwhelming majority of the population is Navajo.

12. Native Americans in Socorro County have suffered a long history of official discrimination, including discrimination affecting the right to vote. Native Americans in New Mexico were denied the right to register and vote until 1948. Native Americans in Socorro County continue to bear the effects of past discrimination in such areas as education, health, housing and employment.

13. Navajo citizens live in a state of isolation from the processes of election and government, as conducted by defendants. This isolation is manifested in terms of language and culture, and in terms of sheer geographical distance, exacerbated by poor road conditions and by the Navajos' relative lack of access to automobiles and telephones.

14. In conducting public elections within Socorro County, defendants have failed to furnish, in the Navajo language, the information and assistance necessary to allow Navajo residents a fair opportunity for effective political participation, including the following:

(a) Although the defendants provide a significant amount of information regarding voting and the election process in the English language, such information is not provided in the Navajo language. Examples of voting and election-related information provided in English but not in Navajo include information regarding the voter registration process, the absentee voting process, the voter purge process, candidate filing procedures, identity of candidates for public office, and issues to be voted upon at the election.

(b) Defendants have failed to provide a sufficient number of adequately trained bilingual persons to serve as translators for Navajo voters needing assistance at the polls on election day.

15. In addition to failing to provide election-related information and assistance in the Navajo language, defendants have failed to implement procedures to afford the residents of the isolated Navajo residential areas an opportunity, equal to that afforded other citizens in the county, to register to vote, to obtain and cast absentee ballots, to file and run for office, and to avoid registration cancellation, or purge.

16. The defendants' failure to provide Navajo residents of Socorro County with the oral instructions, assistance and other

information relating to registration and voting necessary for effective political participation constitutes a violation of Section 203 of the Voting Rights Act, 42 U.S.C. 1973aa-1a.

17. The defendants' English election process, as applied to Navajo speaking citizens, as well as the remaining voting standards, practices and procedures as described in paragraph 15 above, implemented under the totality of circumstances described herein, result in a denial of the right of Navajo citizens to participate in the political process and elect candidates of their choice on an equal basis with other citizens in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973.

18. Defendants' actions described in paragraphs 14 and 15, above, were undertaken for the purpose of discriminating on the basis of race and membership in a language minority group in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution.

19. Unless enjoined by this Court, defendants will continue to enforce voting standards, practices, and procedures in a manner which denies Navajo citizens an opportunity to participate effectively and on an equal basis with other citizens in violation of Sections 2 and 203 of the Voting Rights Act, 42 U.S.C. 1973 and 1973aa-1a, and the Fourteenth and Fifteenth Amendments.

WHEREFORE, the plaintiff United States prays for an order:

1. Declaring that the defendants have failed to provide effective oral instructions, assistance and other information relating to registration and voting in the Navajo language in violation of Sections 2 and 203 of the Voting Rights Act, as amended, 42 U.S.C. 1973 and 1973aa-1a, and the Fourteenth and Fifteenth Amendments to the United States Constitution;

2. Declaring that the defendants' standards, practices, and procedures relating to registration, registration cancellation, absentee voting, and assistance at the polls deny Navajo citizens in Socorro County an opportunity equal to that enjoyed by other citizens to participate in the political process in violation of Section 2 of the Voting Rights Act, as amended, 42 U.S.C. 1973, and the Fourteenth and Fifteenth Amendments to the United States Constitution;

3. Requiring the defendants to devise a plan to assure that Navajo citizens of Socorro County have an opportunity equal to that of other members of the electorate to register to vote, avoid cancellation of registration,

cast an absentee ballot, and otherwise to participate effectively in the Navajo language in all phases of the election process;

4. Requiring the defendants to implement the remedial plan promptly upon approval by this Court;

5. Authorizing the appointment of federal examiners for elections in Socorro County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. 1973a(a), for a period of 10 years;

6. Designating Socorro County pursuant to Section 3 of the Voting Rights Act, 42 U.S.C. 1973a(c) and for a period of 10 years, and requiring that during that period no alteration of any voting qualification or prerequisite to voting or any standard, practice or procedure with respect to voting may be implemented without prior clearance from this Court or from the Attorney General of the United States.

Plaintiff further prays that this Court order such other relief as the interests of justice requires along with the costs and disbursements in maintaining this action.

JANET RENO
Attorney General

By: ______________________
JAMES P. TURNER
Acting Assistant Attorney General

______________________
LARRY GOMEZ
United States Attorney

______________________
STEVEN H. ROSENBAUM
Chief, Voting Section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128

______________________
J. GERALD HEBERT
JOHN K. TANNER
SUSANNA LORENZO-GIGUERE
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128
(202) 307-2897